2006 UT App 492

**Albert CRAMER, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

**No. 20050701–CA.**

Court of Appeals of Utah.

Dec. 7, 2006.

Gary L. Johnson and Michael K. Woolley, Richards Brandt Miller & Nelson, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., Thomas Brunker, and Christopher D. Ballard, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before BENCH, P.J., BILLINGS and ORME, JJ.

## OPINION

BENCH, Presiding Judge:

¶ 1 Albert Cramer appeals the denial of his petition for post-conviction relief. We affirm.

## BACKGROUND

¶ 2 Cramer volunteered as a court appointed special advocate (CASA) for the Office of the Guardian Ad Litem (the office). In October 1996, the office assigned Cramer to serve as M.L.'s CASA. At that time, M.L. was in residential treatment at the University of Utah Neuropsychiatric Institute (UNI). As a CASA volunteer, Cramer recorded his visits and activities with M.L. in a CASA log. Among other activities, Cramer took M.L. swimming at least six times. After one swimming activity, Cramer discussed the anatomical differences between boys and girls.

¶ 3 In March 1997, M.L. moved in with his adoptive parents. After M.L. moved, Cramer took him swimming two more times. M.L. subsequently started to wet the bed. In August, M.L.'s adoptive mother, feeling concerned, took M.L. to the Children's Justice Center. Detective Alex Huggard questioned M.L. about Cramer. M.L. denied that Cramer had sexually abused him. After a year of living with his adoptive parents, however, M.L. disclosed to them that Cramer had sexually abused him at the swimming pool. He confirmed his claim of abuse to Detective Huggard. M.L. later testified that he did not initially report the abuse because he was afraid he would be in trouble.

¶ 4 The trial court ruled that Cramer's prior convictions of lewdness with two young boys would likely be admissible if he testified at trial; therefore, defense counsel advised Cramer not to testify. Cramer contends that defense counsel failed to inform Cramer of his right to testify irrespective of counsel's advice. He also alleges that defense counsel told him she would "step on [his] neck" if he did testify.

¶ 5 Cramer provided defense counsel with a list of potential witnesses. Defense counsel hired a private investigator to contact and interview the individuals on the list. Deciding against using the listed individuals, defense counsel called only one witness, Detective Huggard, who testified about the inconsistencies in M.L.'s accounts of Cramer's abuse. Defense counsel also cross-examined M.L., highlighting inconsistencies in his preliminary hearing and trial testimonies. Defense counsel did not introduce into evidence the CASA logs or the Child Protective Services (CPS) records.

¶ 6 The jury convicted Cramer on two counts of aggravated sexual abuse of a child. On direct appeal, Cramer obtained new counsel. Appellate counsel claimed that the trial court erred in conducting an in camera review of the UNI records rather than allowing Cramer complete access. However, because appellate counsel failed to include the UNI records in the appellate record, the supreme court refused to address the issue. *See State v. Cramer*, 2002 UT 9, ¶ 28, 44 P.3d 690. The Utah Supreme Court affirmed Cramer's convictions. *See id.* at ¶ 3.

¶ 7 Cramer filed a petition for post-conviction relief.[1] The post-conviction court granted, in part, the State's motion for partial summary judgment. The court reserved the issue of whether appellate counsel was ineffective in not challenging the ineffectiveness of trial counsel. After discovery and an evidentiary hearing, the post-conviction court denied Cramer's petition for relief and affirmed the convictions. The court concluded that Cramer's testimony about alleged threats from his trial counsel was "not credible" and that the issue of Cramer "testifying at trial was thoroughly covered by counsel." Cramer now appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 8 Cramer contends that the post-conviction court erred in affirming his conviction and holding that Cramer's ineffective assistance of trial and appellate counsel

---

1. At the post-conviction hearing and on this appeal the law firm Richards, Brandt, Miller & Nelson represented Cramer. We acknowledge and commend this law firm for generously donating its time and services to Cramer on a pro bono basis.

claims fail. "Ineffective assistance of counsel claims present a mixed question of law and fact." *Parsons v. Barnes*, 871 P.2d 516, 518 (Utah 1994) (quotations and citation omitted). In reviewing an appeal from a post-conviction petition, "we review conclusions of law for correctness, according no deference to the lower court's conclusions." *Id.* (quotations and citation omitted). We review the court's factual findings for clear error. *See id.*

## ANALYSIS

### I. Ineffectiveness of Trial Counsel

■ ¶ 9 Cramer claims ineffective assistance of both trial counsel and appellate counsel. The State argues that Cramer's ineffective assistance of trial counsel claim is procedurally barred at this stage of the proceedings. Utah Code section 78–35a–106(1)(c) of the Post–Conviction Remedies Act states that "[a] person is not eligible for relief under this chapter upon any ground that ... could have been but was not raised at trial or on appeal." Utah Code Ann. § 78–35a–106(1)(c) (2002). "[I]ssues that could and should have been raised on direct appeal, but were not, may not properly be raised in a habeas corpus proceeding, absent unusual circumstances." *Carter v. Galetka*, 2001 UT 96, ¶ 14, 44 P.3d 626 (quoting *Gardner v. Holden*, 888 P.2d 608, 613 (Utah 1994)). Although represented by new counsel, Cramer did not raise an ineffective assistance of counsel claim on direct appeal and does not contend that unusual circumstances exist. This claim is therefore procedurally barred. *See id.* at ¶ 15. Thus, we limit our analysis to Cramer's claims of ineffective assistance of appellate counsel.

### II. Ineffectiveness of Appellate Counsel

#### A. Failure to Testify

■ ¶ 10 Cramer asserts that appellate counsel erred by not claiming that the treatment of Cramer's right to testify was deficient. To demonstrate that appellate counsel was ineffective, Cramer must show that appellate counsel omitted a dead-bang winner. *See id.* at ¶ 48. A dead-bang winner "is an issue which is obvious from the trial record and one which probably would have resulted in reversal on appeal." *Id.* (quotations and citation omitted).

■ ¶ 11 Cramer asserts that appellate counsel should have raised three specific claims on direct appeal regarding Cramer's right to testify. First, Cramer argues that appellate counsel was ineffective in not appealing the trial court's failure to hold an on-the-record colloquy. Cramer concedes, however, that this argument is not a dead-bang winner. In fact, this court has previously held "that the trial court bears no affirmative duty sua sponte to engage in an on-the-record colloquy with defendant at the time of trial to ensure valid waiver of the right to testify." *State v. Brooks*, 833 P.2d 362, 365 (Utah Ct.App.1992). Cramer argues that because *Brooks* omitted necessary state constitution analysis, appellate counsel should have raised the issue. Given Cramer's concession that this issue is not a dead-bang winner that was "obvious from the trial record," his assertion that appellate counsel was ineffective in this regard fails. *Carter*, 2001 UT 96 at ¶ 48, 44 P.3d 626.

■ ¶ 12 Second, Cramer contends that appellate counsel should have raised trial counsel's alleged failure to advise Cramer of his right to testify, irrespective of trial counsel's advice. Third, Cramer asserts that appellate counsel should have raised the argument that trial counsel coerced and overbore Cramer's right to testify. Cramer, however, has not demonstrated that it was "obvious from the trial record" that trial counsel failed to properly inform him of his right to testify or that counsel coerced or overbore his right. *Id.* The trial record reflects the following: trial counsel advised Cramer on the record of his right to testify at the preliminary hearing; the trial court stated that the evidence of Cramer's past two convictions of lewdness with two young boys would likely be admissible if Cramer testified; and, Cramer did not testify at trial, which is not uncommon in criminal cases. Therefore, because it is not obvious from the record that trial counsel failed to inform Cramer of his right to testify or overbore that right, appellate counsel was

not ineffective in omitting these arguments on appeal.[2] *See id.*

¶ 13 Finally, even if Cramer had shown that the prior arguments were obvious from the trial record, he still must demonstrate that the arguments "probably would have resulted in reversal on appeal." *Id.* To show that trial counsel was ineffective, appellate counsel would have had to show that trial "counsel's performance was deficient, in that it fell below an objective standard of reasonable professional judgment" and that trial "counsel's deficient performance was prejudicial—i.e., that it affected the outcome of the case." *State v. Litherland,* 2000 UT 76, ¶ 19, 12 P.3d 92. Regardless of any deficiency in trial counsel's actions, Cramer has not shown how the alleged errors were prejudicial. If Cramer had testified at trial, the court likely would have admitted the damaging evidence of his two prior convictions of lewdness with minor children. Thus, even if appellate counsel had raised the arguments pertaining to Cramer's right to testify, they would not likely have resulted in reversal. *See Carter,* 2001 UT 96 at ¶ 48, 44 P.3d 626.

### B. Failure to Include UNI Records

¶ 14 Cramer asserts that his appellate counsel was ineffective in not including the UNI records in the appellate record. On direct appeal, Cramer's appellate counsel argued that the trial court erred in conducting an in camera review of the UNI records as opposed to permitting Cramer full access. The Utah Supreme Court stated that because the UNI records were "not included in the appellate record, we presume that the trial court correctly determined that none of the records [were] material to Cramer's defense." *State v. Cramer,* 2002 UT 9, ¶ 28, 44 P.3d 690.

¶ 15 Cramer contends that appellate counsel's failure to include the UNI records on direct appeal constituted deficient perform-

ance. The State concedes that appellate counsel erred in not including the records. Cramer, therefore, must show that appellate counsel's deficient performance was prejudicial. *See Litherland,* 2000 UT 76 at ¶ 19, 12 P.3d 92. We are faced with the same problem as the Utah Supreme Court on direct appeal. Because Cramer has not included the UNI records on this appeal, we cannot determine whether the failure to initially include the records was prejudicial.[3]

### C. Investigating Witnesses/Documents

¶ 16 Cramer asserts that appellate counsel rendered ineffective assistance by not appealing trial counsel's failure to introduce into evidence the CASA logs and CPS reports and to investigate and call the witnesses whose names Cramer had provided. Both parties present arguments and factual assertions as to whether this issue was obvious from the trial record. However, regardless of whether trial counsel's alleged errors were obvious, Cramer's argument fails because he has not demonstrated that the claim would likely have "resulted in reversal on appeal." *Carter v. Galetka,* 2001 UT 96, ¶ 48, 44 P.3d 626.

¶ 17 In order for appellate counsel to have obtained a reversal on appeal, counsel must have shown "not only that [trial] counsel failed to seek mitigating evidence, but also that some actually existed to be found." *State v. Taylor,* 947 P.2d 681, 687 (Utah 1997). Although Cramer asserts that the witnesses and documents would have provided credibility to his defense, he does not demonstrate how the witnesses and documents would have produced actual mitigating evidence. *See id.* Therefore, Cramer has failed to show that this claim would have likely "resulted in reversal on appeal." *Carter,* 2001 UT 96 at ¶ 48, 44 P.3d 626.

### III. Cumulative Error

¶ 18 Cramer asserts that even if the alleged errors are individually harmless,

---

2. Additionally, the post-conviction court heard Cramer's arguments and found them unpersuasive. The post-conviction court found that Cramer's "testimony concerning his attorney's threats [was] not credible" and that "the issue of [Cramer] testifying at trial was thoroughly covered by counsel."

3. Cramer argues that he could not have recreated the UNI records at this late stage; however, he offers no support for his argument.

they are harmful cumulatively. Under the cumulative error doctrine, a conviction must be overturned if the effect of several errors, even if harmless individually, undermines the court's confidence that the defendant was given a fair trial. *See State v. Dunn*, 850 P.2d 1201, 1229 (Utah 1993). The only error we have recognized in this opinion is appellate counsel's failure to include the UNI records in the appellate record on direct appeal. Because Cramer has not included the UNI records at this stage, we cannot evaluate the prejudicial nature of this argument. Therefore, Cramer's cumulative error claim fails.

## CONCLUSION

¶ 19 Cramer's ineffective assistance of trial counsel claim is procedurally barred because he did not raise the issue on direct appeal. Further, because the trial court and trial counsel's alleged deficient treatment of Cramer's right to testify was not obvious from the trial record, appellate counsel did not err in failing to raise this claim on appeal.

¶ 20 Because Cramer failed to include the UNI records on this appeal, we cannot determine if appellate counsel's error in omitting the records on direct appeal was prejudicial. Cramer also failed to demonstrate the likelihood of reversal if appellate counsel had appealed trial counsel's failure to call certain witnesses and introduce certain documents.

¶ 21 Accordingly, we affirm the denial of Cramer's petition for post-conviction relief.

¶ 22 WE CONCUR: JUDITH M. BILLINGS and GREGORY K. ORME, Judges.