**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 29, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALBERT CRAMER,

        Petitioner - Appellant,

v.

STATE OF UTAH,

        Respondent - Appellee.

No. 11-4036
(D.C. No. 2:07-CV-00681-DAK)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Albert Cramer, appearing pro se, requests a certificate of appealability (COA) to appeal the district court's denial of his application for relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of § 2254 application). The court denied the application on the ground that the claims were procedurally defaulted because Mr. Cramer had failed to exhaust his state remedies and his claims would now be procedurally barred if pursued in state court. No reasonable jurist could debate the correctness of the district court's decision. Therefore, we deny Mr. Cramer's request for a COA and dismiss this appeal.

## I.  BACKGROUND

Mr. Cramer was convicted on September 22, 1999, on two counts of aggravated sexual abuse of a child.  On January 25, 2002, the Utah Supreme Court affirmed his conviction on appeal.  *See State v. Cramer*, 44 P.3d 690, 692 (Utah 2002) (*Cramer I*).  That August he filed a petition for postconviction relief in Utah state district court; it was denied in July 2005.  The Utah Court of Appeals affirmed the denial in December 2006, *see Cramer v. State,* 153 P.3d 782, 784 (Utah Ct. App. 2006) (*Cramer II*); and the Utah Supreme Court denied his petition for certiorari in April 2007, *see Cramer v. State*, 168 P.3d 339 (Utah 2007) (unpublished table decision) (*Cramer III*).

On October 19, 2007, Mr. Cramer's § 2254 application was filed in the United State District Court for the District of Utah.  The application claimed that (1) he received ineffective assistance of counsel because his trial counsel failed to call witnesses requested by Mr. Cramer, did not inform him of his right to testify on his own behalf, and failed to impeach the alleged victim's testimony; (2) he was denied access to the alleged victim's records; and (3) the Utah State Division of Child and Family Services denied him due process by delaying its hearing on child abuse.  The district court ruled that Mr. Cramer had not exhausted any of these claims by properly pursuing them, on direct appeal or in postconviction proceedings, all the way to the Utah Supreme Court.  The court noted that Mr. Cramer had raised two similar claims in the Utah Supreme Court—(1) denial

of his purported right to review (without prior vetting by the trial court in camera) the alleged victim's medical records, *see Cramer I*, 44 P.3d at 694–95, and (2) denial of the right to be informed that he could testify on his own behalf, *see Cramer III*, 168 P.3d at 339—but both claims were expressly based solely on the Utah Constitution. And it pointed out that the one federal constitutional issue raised in the § 2254 application that had been presented to the Utah Supreme Court—the trial court's alleged error in not disclosing to Mr. Cramer the material medical records reviewed by the trial court in camera—was disposed of by the state court on the procedural ground that Mr. Cramer had not included the documents in the appellate record. *See Cramer I*, 44 P.3d at 696–97.

The district court then determined that the issues raised by Mr. Cramer in his § 2254 application could no longer be reviewed in state court because they could have been raised in his prior state-court proceedings. *See* Utah Code Ann. § 78B-9-106(1)(c), (d) (West 2010) ("A person is not eligible for relief under [the Utah Post-Conviction Remedies Act] upon any ground that . . . could have been but was not raised at trial or on appeal . . . or could have been, but was not, raised in a previous request for post-conviction relief.") And because Mr. Cramer had established neither cause for the default nor a fundamental miscarriage of justice based on actual innocense, it held that his claims were barred from review under § 2254. *See McCraken v. Gibson*, 268 F.3d 970, 976 (10th Cir. 2001) (claims defaulted in state court on "an independent and adequate state procedural ground"

are procedurally barred for purposes of federal habeas review unless the petitioner "can demonstrate cause and prejudice or a fundamental miscarriage of justice." (internal quotation marks omitted)).

## II.    DISCUSSION

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Sellers v. Ward*, 135 F.3d 1333, 1339 (the right allegedly violated must be a federal, not a state, right).  This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong."  *Id.*  Where the application was denied on procedural grounds, the applicant faces a double hurdle.  Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not

conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In order to obtain federal habeas relief, a state prisoner must "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(A). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted); *see Olson v. McKune*, 9 F.3d 95, 95 (10th Cir. 1993) ("A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted available state remedies." (brackets and internal quotation marks omitted)). If an applicant fails to exhaust state remedies and state courts "would now find the claims procedurally barred[,] the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (internal quotation marks omitted).

Because Mr. Cramer has proceeded pro se, we construe his pleadings liberally. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1210 n.1 (10th Cir. 2009). Mr. Cramer's brief in this court recites four issues: (1) that the district court erred by failing to address any of his constitutional claims on the merits; (2) that his trial attorneys violated his right to have witnesses, including himself, testify on his behalf; (3) that he received ineffective assistance of counsel when

his trial attorneys failed to obtain and use records to impeach the alleged victim's testimony; and (4) that workers in the Utah Division of Child and Family Services violated the law and his due-process rights. Nowhere, however, does he challenge the grounds of the district court's rulings on exhaustion and procedural bar. Nor do we discern any error in these rulings. Even if we treat Mr. Cramer's assertions of innocence in his brief to us as a claim that his procedural default should be excused because of his actual innocence, we could not grant him a COA. Although actual innocence can overcome a procedural default, *see Schlup v. Delo*, 513 U.S. 298, 321 (1995), the district court correctly observed that actual innocence must be shown by newly available evidence and that Mr. Cramer's showing is wholly inadequate. *See id.* at 324 (petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial"); *id.* at 327 (petitioner must "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.").

In short, no reasonable jurist could find it debatable whether the district court was correct in its procedural ruling.

## III.  CONCLUSION

We DENY Mr. Cramer's application for a COA and DISMISS the appeal.

We GRANT Mr. Cramer's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge