**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 30, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LUIS SAN ROMAN

        Petitioner-Appellant,

v.

MARVIN VAUGHN, Warden

        Respondent-Appellee.

No. 11-6103
(D.C. No. 5:10-CV-001158-F)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant Luis San Roman, a state prisoner currently in the

custody of the Oklahoma Department of Corrections, seeks a certificate of

appealability ("COA") to challenge the district court's dismissal of his § 2254

---

[*]     This Order is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1
and Tenth Circuit Rule 32.1.

     After examining the appellate record, this three-judge panel determined
unanimously that oral argument would not be of material assistance in the
determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

habeas petition as time-barred.[1]  Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. San Roman's application for a COA and dismiss his appeal.

## BACKGROUND

In 2006, Mr. San Roman pleaded guilty in state district court for Oklahoma County, Oklahoma to using a vehicle to facilitate the intentional discharge of a firearm, for which he received a fifteen-year suspended sentence.  In September 2007, the state moved to revoke Mr. San Roman's suspended sentence, alleging that he had violated the terms and conditions of his probation in connection with new criminal charges of pointing a firearm at another and possession of a firearm. Following a hearing on October 30, 2007, a state district court judge revoked Mr. San Roman's suspended sentence and sentenced him to fifteen years' imprisonment.  The new criminal charges, however, were later dropped.

Mr. San Roman did not directly appeal the revocation of his suspended sentence.  However, in September 2008, Mr. San Roman filed a motion to modify that sentence.  A hearing was held in state district court before the same judge who presided over his revocation hearing.  During the hearing, Mr. San Roman's counsel presented by way of proffer the exculpatory testimony of two individuals, one the alleged victim of the offense, and the other, an alleged witness of the

---

[1]  In federal district court and before us, Mr. San Roman has been represented in the instant habeas proceeding by counsel.

2

offense. Following the hearing, the state court judge modified Mr. San Roman's sentence from fifteen years' imprisonment to ten years' imprisonment to be followed by five years' probation. On March 16, 2010, Mr. San Roman filed an application for post-conviction relief in state court seeking to appeal his revocation out of time. The state district court denied his application, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed that denial on August 3, 2010.

On October 28, 2010, Mr. San Roman filed the instant federal habeas petition under 28 U.S.C. § 2254 alleging, *inter alia*, claims of ineffective assistance of counsel, denial of his right to due process, and factual innocence. His petition was referred to a magistrate judge, who issued a Report and Recommendation, in which she recommended that the petition be dismissed as time-barred pursuant to the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d).[2] On February

---

[2]    As the magistrate judge observed, Mr. San Roman "did not file a notice of appeal within ten days of the state district court's pronouncement revoking his suspended sentence as is required under Oklahoma law." Aplt. App. at 92 (Report and Recommendation, filed Jan. 26, 2011); *see* Okla. Stat. tit. 22, ch. 18, app., Rule 2.5 ("Within ten (10) days from the date the Judgment and Sentence is imposed in open court or an order grants an appeal out of time, the defendant must file with the trial court clerk a notice of intent to appeal . . . ."). Accordingly, the revocation of Mr. San Roman's suspended sentence became final ten days after the district court's decision on October 30, 2007—that is, on November 9, 2007. Mr. San Roman thus had one year from that date—until November 9, 2008—to file a timely habeas petition. *See* 28 U.S.C.

(continued...)

3

17, 2011, the district court adopted the magistrate judge's recommendation and dismissed Mr. San Roman's habeas action as time-barred. Mr. San Roman then filed a motion for reconsideration, alleging that he had never received a copy of the magistrate judge's Report and Recommendation and wished to file an objection. The district court granted his motion, and Mr. San Roman filed an objection. On April 6, 2011, having considered both the magistrate judge's recommendation and Mr. San Roman's objection, the district court issued another order adopting the recommendation and dismissing Mr. San Roman's habeas petition as untimely. Mr. San Roman now seeks a COA from this court to appeal the district court's dismissal of his § 2254 petition.

## STANDARD OF REVIEW

A COA is a jurisdictional prerequisite to this court's review of a habeas application. 28 U.S.C. § 2253(c)(1)(A); *accord Williams v. Jones*, 571 F.3d 1086, 1088 (10th Cir. 2009). Accordingly, "[w]e will issue a COA 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting 28 U.S.C. § 2253(c)(2)). "This means that the applicant must show 'that reasonable jurists

---

[2](...continued)
§ 2254(d)(1)(A). Therefore, his petition, filed October 28, 2010, fell well beyond this one-year period, and statutory tolling was not available in the interim because his March 16, 2010, application for state post-conviction relief was also outside the one-year window. *See, e.g.*, *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001).

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

"In other words, the applicant must show that the district court's resolution of the constitutional claim was either 'debatable or wrong.'" *Id.* (quoting *Slack*, 529 U.S. at 484). Furthermore, when the district court denies relief "on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting *Slack*, 529 U.S. at 484). In determining whether to grant a COA, this court conducts an "overview of the claims in the habeas petition and a general assessment of their merits." *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted). However, "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of th[ose] claims." *Miller-El*, 537 U.S. at 336.

## DISCUSSION

In his opening brief in support of his request for a COA,[3] Mr. San Roman concedes that his federal habeas petition was untimely. However, he argues that the district court was obligated to equitably toll AEDPA's one-year limitations period and consider his otherwise untimely petition because he is actually innocent of the charges that led to the revocation of his suspended sentence. We are not persuaded. We conclude that no reasonable jurist could debate the correctness of the district court's determination that Mr. San Roman's habeas action is time-barred.

As the Supreme Court recently underscored, AEDPA's one-year statute of limitations is subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560, 2562 (2010). However, equitable tolling is warranted only "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)) (internal quotation marks omitted). Generally, courts will consider the merits of an otherwise untimely habeas petition only where the petitioner "show[s] specific facts," demonstrating "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525

---

[3]    Mr. San Roman has not formally filed an application for a COA. However, pursuant to Federal Rule of Appellate Procedure 22(b)(2), we treat Mr. San Roman's notice of appeal as a request for a COA.

6

F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)) (internal quotation marks omitted); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (observing that equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control").

Where a petitioner does present the truly exceptional case in which he is actually innocent, federal courts allow for an "exception to [the] procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." *Lopez v. Trani*, 628 F.3d 1228, 1230–31 (10th Cir. 2010). In other words, when a habeas petitioner is seeking equitable tolling on actual innocence grounds, he need not "demonstrate that he diligently pursued his actual innocence claim." *Id.* at 1231. But he must articulate a "colorable claim of factual innocence"; that is, he must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 322, 324 (1995); *see also, e.g.*, *Cramer v. Utah*, No. 11-4036, 2011 U.S. App. LEXIS 15648, at *7 (10th Cir. July 29, 2011) ("Although actual innocence can overcome procedural default, the district court correctly observed that actual innocence must be shown by newly available evidence and that [petitioner's] showing is wholly inadequate." (citation omitted)); *Weibley v. Kaiser*, 50 F. App'x 399, 403 (10th

7

Cir. 2002) (determining that petitioner's actual innocence argument "fail[ed] because he d[id] not make a *colorable* claim of actual innocence. [Petitioner] makes only conclusory allegations regarding his innocence and provides no analysis or specific facts to warrant equitable tolling." (emphasis added)). Under this rigorous standard, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in . . . light of the new evidence." *Schlup*, 513 U.S. at 327.

In the present case, Mr. San Roman concedes that he is guilty of the underlying conviction to which he pleaded guilty, but insists that he is actually innocent of the charges that led to the revocation of his suspended sentence. First, Mr. San Roman asserts baldly—without citation to supporting legal authority—that the ineffective assistance that he received from his counsel at his revocation hearing "serve[d] to toll [his] timing default." Aplt. Br. at 15. However, if Mr. San Roman contends that his counsel's ineffectiveness excused his failure to file a timely habeas petition, he must "show specific facts," demonstrating that he has pursued his rights diligently, but that his counsel's deficient performance constituted an "extraordinary circumstance" that "stood in his way." *See Yang*, 525 F.3d at 928. Here, while Mr. San Roman alleges that his revocation-hearing counsel "surreptitiously procur[ed] a waiver of [his] appellate rights," Aplt. Br. at 11, he does not explain how his counsel's alleged ineffectiveness caused him to delay filing his habeas petition. Accordingly, his

8

underdeveloped first argument is without merit.

Second, Mr. San Roman apparently contends that he was deprived of his right to due process at his revocation hearing when the state district court judge refused to credit the testimony of witness Cruz Blos and the alleged victim, Rodolfo Botello, as demonstrating his factual—i.e., "actual"—innocence. *Id.* at 16–17. As we note above, however, in order to present a "colorable" claim of actual innocence, a petitioner must present "*new* reliable evidence . . . that was *not presented at trial*," *Schlup*, 513 U.S. at 324 (emphasis added)—or, as relevant here, the revocation proceeding. The testimony of both Mr. Blos and Mr. Botello, however, was apparently available at the time of the revocation proceeding. The magistrate judge noted that (1) Mr. San Roman's counsel made proffers concerning the two men's testimony in the sentence modification proceeding, which was held less than one year after the revocation proceeding; (2) the same state district court judge presided over both proceedings; (3) the judge specifically indicated that essentially the same testimony of Mr. Blos had been presented in the revocation proceeding in the form of an affidavit and that she had considered it. Mr. San Roman has not disputed these findings, and our independent review of the record supports them. Indeed, on appeal, Mr. San Roman expressly acknowledges that the state court judge also had before her an affidavit of the victim, Mr. Botello. *See* Aplt.'s Br. at 13–14 ("It is important to note that the affidavit . . . from the alleged victim refuting a statement attributed

9

to him, was presented at the time of the actual revocation hearing."). Thus, the

testimony of the two men does not constitute "new" evidence that can support an

actual innocence claim.[4]

Third and finally, Mr. San Roman contends that he is entitled to equitable

tolling because the state district court judge relied upon hearsay evidence at his

revocation hearing, in violation of his rights under the Confrontation Clause.[5]

---

[4] We also note that, even if Mr. San Roman had filed a timely § 2254 habeas petition, AEDPA mandates that we presume a state court's findings to be correct unless a petitioner can refute them by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). As the magistrate judge noted, the state district court judge concluded that the State had proven by a preponderance of the evidence that Mr. San Roman had violated the terms of his probation. Aplt. App. at 97. Moreover, the state judge explicitly noted that she found the recantation of Mr. Botello to be unreliable, as he was "a member of a rival gang" who "recanted [his] prior testimony inculpating [Mr. San Roman] only after receiving threatening recorded phone calls from the jail." *Id.* As Mr. San Roman offers absolutely no evidence suggesting that these findings are erroneous—let alone clearly erroneous—the state court's determination must stand.

[5] Mr. San Roman relies upon *Morrissey v. Brewer*, 408 U.S. 471 (1972), to support his argument that the state court's admission of hearsay evidence at his revocation hearing was improper, at least without the court making specific findings providing the good cause for denying him confrontation of the witnesses at issue. Mr. San Roman, however, raised this *Morrissey*-based argument for the first time in his *objection* to the magistrate judge's Report and Recommendation. *See* Aplt. App. at 115 (Objection to Report and Recommendation, filed Mar. 21, 2011). Not surprisingly, then, the magistrate judge did not discuss *Morrissey* or such an argument in its Report and Recommendation. Under these circumstances, including the fact that Mr. San Roman was represented by counsel in his proceedings before the district court, *see supra* note 1, we decline to consider this *Morrissey*-based argument now. *See, e.g.*, *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."); *Marshall v. Chater*, 75 F.3d 1421, 1426

(continued...)

10

Aplt. Br. at 17, 22. However, Mr. San Roman makes no attempt to explain how his general hearsay argument has any bearing upon his factual innocence. Moreover, this argument is at odds with the approach that Mr. San Roman himself took before the state court in the revocation hearing; there, he urged the court to credit the exculpatory out-of-court statements in Mr. Blos's affidavit. More fundamentally, in the absence of any persuasive arguments by Mr. San Roman as to how the allegedly impermissible admission of hearsay evidence could possibly excuse his untimely filing or demonstrate his factual innocence, we reject Mr. San Roman's final argument.

Thus, in sum, Mr. San Roman presents no evidence of extraordinary circumstances that prevented him from filing his habeas petition in a timely manner, *see Yang*, 525 F.3d at 928, nor does he offer new and reliable evidence demonstrating that he is factually innocent, *see Schlup*, 513 U.S. at 322, 324. Accordingly, reasonable jurists could not debate that equitable tolling of AEDPA's one-year limitations period was not warranted, and that the district court properly dismissed Mr. San Roman's petition as untimely.

## CONCLUSION

For the foregoing reasons, we **DENY** Mr. San Roman's application for a

---

[5](...continued)
(10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

COA and **DISMISS** his appeal.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge