FILED
United States Court of Appeals
Tenth Circuit

July 7, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STEVEN G. BARKUS,

     Petitioner - Appellant,

v.

JEFFREY H. ROSENLUND, Chief United
States Probation Officer, District of Utah,

     Respondent - Appellee.

No. 21-4034
(D.C. No. 2:21-CV-00007-DAK)
(D. Utah)

_____

**ORDER AND JUDGMENT*\***
_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.
_____

---

     \* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Pro se appellant Steven G. Barkus appeals the district court's dismissal of his petition for habeas relief under 28 U.S.C. § 2241.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[2]

## I. BACKGROUND

A jury convicted Mr. Barkus in the United States District Court for the Northern District of Ohio of mail fraud, wire fraud, securities fraud, conspiracy to defraud the United States, and tax evasion. The district court sentenced him to 97 months in prison, followed by three years of supervised release. *See United States v. Lombardo*, 582 F. App'x 601, 607 (6th Cir. 2014) (unpublished). The Sixth Circuit affirmed. *See id.* at 604.

Mr. Barkus has been serving his supervised release in Ogden, Utah. He filed a 28 U.S.C. § 2241 habeas petition against the Chief United States Probation Officer in the District of Utah. It asserted ineffective assistance of counsel and challenged the validity of his conviction.

The district court dismissed, holding that (1) Mr. Barkus should have presented his claim in a 28 U.S.C. § 2255 motion, but failed to do so; and (2) even if his § 2255 remedy was inadequate or ineffective, his § 2241 petition was untimely.

---

[1] Because Mr. Barkus appears pro se "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[2] A federal habeas petitioner is not required to obtain a certificate of appealability to seek review of a district court's denial of a habeas application under § 2241. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015).

## II. DISCUSSION

In his brief to this court, Mr. Barkus does not contest the district court's determination that he should have challenged his conviction in a § 2255 motion. He argues only that his failure to file a timely § 2241 petition should have been excused because he had alleged "actual innocence." Aplt. Br. at 1. He explains that he had identified witnesses and provided documents to his counsel, who failed to present them at trial. *Id.* at 2-3. But he misapprehends what he must show to receive tolling of the one-year § 2241 statute of limitations.

Mr. Barkus "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). He must show "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not [previously available] at trial." *Id.* at 537 (quoting *Schlup*, 513 U.S. at 324). Mr. Barkus has not met this burden. The evidence is not new. He was aware of it before trial. His argument fails under the "demanding" actual innocence standard. *See House*, 547 U.S. at 538.[3]

---

[3] Mr. Barkus's reliance in his brief on *Lopez v. Trani*, 628 F.3d 1228 (10th Cir. 2010), is misplaced. That case addressed whether a prisoner must diligently pursue an actual innocence claim to toll the statute of limitations for a federal habeas claim. Whether evidence of actual innocence is "new" is a different question. Mr. Barkus was aware of the evidence he relies upon before his trial even started. *See San Roman v. Vaughn*, 442 F. App'x 365, 369 (10th Cir. 2011) (unpublished) (habeas petitioner need

### III. **CONCLUSION**

We affirm the district court's judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

---

not show diligent pursuit of actual innocence claim for tolling but must show "new reliable evidence" of actual innocence) (cited for persuasive value under Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A)).