FILED
United States Court of Appeals
Tenth Circuit

September 10, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHT CIRCUIT

---

DAVID BLADE CLAY,

      Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

      Respondent - Appellee.

No. 13-6119
(D.C. No. 5:13-CV-00248-C)
(W.D. Okla.)

---

## ORDER DENYING CERTIFICATE
## OF APPEALABILITY[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

An Oklahoma court convicted David Clay in 2011 on charges of possessing a stolen vehicle and obstructing an officer. This action began when Mr. Clay filed a pro se[1] petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court dismissed the petition without prejudice for failure to exhaust state remedies. Mr. Clay now requests a certificate of appealability ("COA") to

---

[*]      This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]      Because Mr. Clay is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

challenge the district court's dismissal. He also seeks leave to proceed *in forma pauperis* ("IFP"). We **deny** Mr. Clay's application for a COA, **deny** his request to proceed IFP, and **dismiss** this matter.

## I

After he entered a guilty plea, Mr. Clay was convicted in 2011 in Oklahoma state court of possession of a stolen vehicle and obstructing an officer. In 2013, he filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court, arguing that he received ineffective assistance of counsel and that he should be permitted to withdraw his guilty plea.[2] On its own motion, the district court ordered Mr. Clay to show cause as to why his petition was not properly dismissed for failure to exhaust available state remedies. Unpersuaded by Mr. Clay's response to the order, the district court adopted a magistrate judge's report and recommendation and dismissed Mr. Clay's petition without prejudice for failure to exhaust state remedies. Mr. Clay filed a notice of appeal. Construing the notice as an application for a COA, the district court denied it.

## II

Mr. Clay now looks to us for a COA so that he may contest the district

---

[2] In his various filings, Mr. Clay has raised a number of other arguments. Several are not cognizable as habeas claims, and the remainder were not presented to the district court in any of the papers Mr. Clay filed prior to the magistrate judge's recommendation to dismiss his petition.

court's dismissal of his petition.[3]

## A

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see* 28 U.S.C. § 2253(c)(1)(A). A COA should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To justify a COA, the applicant is required to "demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

When, as here, habeas relief is "denied on procedural grounds, the

---

[3] In his application for a COA, Mr. Clay complains that he was not appointed an attorney to assist him with his ineffective assistance of counsel claim. Assuming that he has in mind his federal court proceeding and that the district court denied such a request (neither of which is clear), Mr. Clay is entitled to raise this issue without a COA. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009). Nevertheless, he has not shown that appointment of counsel was warranted, particularly given the simplicity of the issues, Mr. Clay's ability to fully express his position in writing, and the meritlessness of the petition, as discussed below. *See Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001) ("The decision to appoint counsel [in a habeas proceeding] is left to the sound discretion of the district court" and should not be disturbed where, *inter alia*, the issues are relatively simple); *Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 861 (10th Cir. 2005) (finding no abuse of discretion in a district court's refusal to appoint counsel to a habeas petitioner where the claims were meritless).

3

applicant faces a double hurdle.  Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (omission in original) (quoting *Slack*, 529 U.S. at 484).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.* (quoting *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

**B**

"For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' in order to give state courts the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'"  *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).  "The exhaustion requirement is satisfied if the issues have been 'properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.'"  *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (quoting *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994)).  Where a petitioner has not exhausted his state remedies, "[g]enerally, a federal court should dismiss unexhausted claims without prejudice

so that the petitioner can pursue available state-court remedies." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006). A habeas "petitioner bears the burden of demonstrating that he has exhausted his available state remedies." *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) (quoting *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994)) (internal quotation marks omitted).

Mr. Clay's filings with the district court are replete with indications that he has not exhausted his state remedies on his federal habeas claims. For example, in his original petition, Mr. Clay averred that he had not appealed to the highest state court with jurisdiction over his claim "for fear of retaliation," R. at 6 (Pet. for Writ of Habeas Corpus, filed Mar. 11, 2013), and later stated, "I did not exhaust state remedy [sic] due to a conflict of interest as I have filed a civil rights violation claim against Canadian County[] Jail," *id.* Elsewhere in the petition he noted that his claim for relief in state court was still "pending," and that he "received a hearing date but chose to request a continuance." *Id.* at 7; *see also id.* at 8 ("Date of [state] courts [sic] decision? Pending in District Court."). Along the same lines, Mr. Clay wrote in his response to the district court's show-cause order that he thought "there would be no [j]ustice served in exhausting remedies in state court being so far out of the statue [sic] of limitations." *Clay v. State of Oklahoma*, Dist. Ct. No. 5:13-cv-248-C, Doc. 7, at 3 (Mot. to Show Cause, filed Mar. 22, 2013). There was no indication in either Mr. Clay's averments to the

5

district court or in the district court record that Oklahoma's high court has passed upon any of Mr. Clay's federal habeas claims, a prerequisite to federal review of his petition.[4]  In view of the aforementioned explicit acknowledgments by Mr. Clay that he failed to exhaust his state remedies and in view of the record's silence on the question,[5] it was proper for the district court to sua sponte dismiss the petition on that ground before the government had filed a response.  *See Allen*, 568 F.3d at 1202 (affirming a district court's dismissal of a habeas petition for

---

[4]     On June 24, 2013, Mr. Clay filed with us a docket sheet from the Oklahoma Court of Criminal Appeals ("OCCA") indicating that the OCCA declined jurisdiction over a post-conviction action by Mr. Clay on May 28, 2013. The petition for post-conviction relief itself appears to have been submitted to the OCCA on May 6, 2013.  Mr. Clay characterizes the docket sheet as evidence of exhaustion.  Because this document was not filed with the district court in the first instance (and, indeed could not have been, given that the OCCA's decision post-dates the district court's), we will not consider it here.  *See United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) ("This court will not consider material outside the record before the district court."); *Reid v. Oklahoma*, 101 F.3d 628, 630–31 (10th Cir. 1996) ("As a court of review, we may examine additional documents culled from the district court file and consider new legal authority, but we may not enlarge the evidentiary record to include material unavailable to the district court . . . .").  Additionally, even if we were to consider the OCCA docket, it does not show that Mr. Clay exhausted his state remedies because exhaustion requires that "the 'substance' of the petitioner's claim[s] [be] presented to the state courts," *Prendergast*, 699 F.3d at 1184 (quoting *Connor*, 404 U.S. at 278), and it is impossible to tell from the docket what arguments Mr. Clay made in his action for post-conviction relief before the OCCA and thus likewise impossible to compare any such arguments to the claims he raised in his federal habeas petition.

[5]     Mr. Clay also wrote in his petition: "Have all grounds for relief that you raised in this petition been presented to the highest state court having [j]urisdiction? (yes)."  R. at 8.  Aside from this single word, however, all of his other statements to the district court suggest that his claim for relief was either never filed in state court or was still pending there.

6

failure to exhaust where the failure "was clear from the face of [the] petition" and where the petitioner failed to adequately address exhaustion after being instructed to do so in a show-cause order). Mr. Clay plainly failed to satisfy his burden of showing that he had exhausted his state remedies.

## C

Failure to exhaust state remedies can be "excused if a petitioner can 'demonstrate cause for the [failure] and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (quoting *Bland*, 459 F.3d at 1012). Cause can be demonstrated by sufficient evidence either that "'there is an absence of available State corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting 28 U.S.C. §§ 2254(b)(1)(B)(i), (ii)), *cert. denied*, --- U.S. ----, 132 S. Ct. 1558 (2012).

Liberally construing Mr. Clay's filings, he has offered several potential excuses for his failure to exhaust.[6] Specifically, he complains about extortionate

---

[6] We consider only the excuses Mr. Clay presented to the district court prior to the magistrate judge's recommendation that the district court dismiss the petition without prejudice for failure to exhaust. The various excuses he articulated in his objections to the recommendation, in his notice of appeal, and in his application for a COA are irrelevant to our analysis. *See United States v.*

(continued...)

7

fees exacted by fellow prisoners for use of the law library, inability to access records for his appeal, difficulty obtaining medications, violent conditions in his institution, and fear of retaliation for his habeas litigation.

Mr. Clay has not excused his failure to exhaust. Like the *Magar* court, "[w]e have no information before us that would allow us to conclude that" any of the improprieties alleged by Mr. Clay occurred during the relevant time period. 490 F.3d at 820. Quite to the contrary, as the district court noted, Mr. Clay was at the time of his habeas corpus litigation below confined in Minnesota and not in Oklahoma,[7] where the various impediments to exhaustion allegedly existed. Mr. Clay provided no plausible explanation to the district court as to why he could not pursue relief in Oklahoma state court, and he therefore cannot excuse his failure to exhaust.[8] Because "a plain procedural bar [was] present and the district court

---

[6](...continued)
*Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."); *Sedillo v. Hatch*, 445 F. App'x 95, 101–02 (10th Cir. 2011) (applying that rule to a pro se § 2254 petition), *cert. denied*, --- U.S. ----, 132 S. Ct. 1762 (2012).

[7]     On August 29, 2013, Mr. Clay filed a notice of change of address with our court, which appears to indicate that he has been returned to the custody of the Oklahoma state prison system. His present place of confinement, though, is not germane to our COA inquiry because he gave the district court no reason to believe he was unable to pursue his state remedies while litigating his habeas petition below during his incarceration in Minnesota.

[8]     Given that we find no cause for Mr. Clay's failure to exhaust, we need not and do not consider whether he has shown prejudice. *See Magar*, 490

(continued...)

8

[was] correct to invoke it to dispose of [the] case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Coppage*, 534 F.3d at 1281 (quoting *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

### III

Accordingly, we **deny** Mr. Clay's request for a COA, **deny** his motion to proceed IFP, and **dismiss** this matter.

Entered for the Court

JEROME A. HOLMES
Circuit Judge

---

[8](...continued)
F.3d at 819. Moreover, Mr. Clay has not demonstrated that the dismissal resulted in a fundamental miscarriage of justice. *See id.*

9